

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor       973-645-2700
Newark, New Jersey 07102

MJP/PL AGR

July 26, 2023

Stacy A. Biancamano, Esq.
Biancamano Law, LLC
Cranford Executive Plaza
312 North Avenue East, Suite 7
Cranford, NJ 07106-2464

      Re:    <u>Plea Agreement with Yufeng Gao</u>

Dear Ms. Biancamano:

      This letter sets forth the plea agreement between your client, Yufeng Gao ("Gao"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **August 18, 2023**, if it is not accepted in writing by that date. If Gao does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Gao to a one-count Information, which charges Gao with operation and aiding and abetting the conduct of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), and (b)(1)(B) and 18 U.S.C. § 2. If Gao enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Gao for his involvement in an unlicensed money transmitting business, money laundering, or bribing bank employees from in or around 2020 through in or around 2022.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Gao even if the applicable statute of limitations period for those charges expires after Gao signs this agreement, and Gao agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1960 to which Gao agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gao is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gao ultimately will receive.

Further, in addition to imposing any other penalty on Gao, the sentencing judge as part of the sentence:

(1) will order Gao to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 982; and

(3) pursuant to 18 U.S.C. § 3583, may require Gao to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Gao be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gao may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

Gao agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(1), he will forfeit to the United States, any and all property involved in, or traceable to, the violation of 18 U.S.C. § 1960 charged in the Information. Gao further agrees to forfeit all of his right, title and interest in the sums of money and property listed below (collectively, the "Specific Property"),

which were seized by law enforcement during the investigation into Gao, and which Gao admits has the requisite nexus to the offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(1):

   a. $3,622,313.53 in cash, seized from Gao and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

   b. $245,000 in official checks, which were seized from Gao and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

   c. $24,854.87 in money orders, which were seized from Gao and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

   d. One white 2015 Lexus LX 570, which was seized from Gao and/or co-conspirators on or about May 7, 2021 in or around Queens, New York; and

   e. The contents of the following bank accounts:

      1. Bank of America account number ********2798;

      2. Royal Business Bank account number ****2321;

      3. Royal Business Bank account number ******7326;

      4. Amerasia Bank account number ****0782;

      5. Amerasia Bank account number ****5384;

      6. Amerasia Bank account number ****2253;

      7. Citibank account number ******8007;

      8. Citibank account number ******3816;

      9. Citibank account number ******3824;

      10. Citibank account number ******8424;

      11. Citibank account number ******8432;

      12. JP Morgan Chase account number *****0106;

      13. Capital One Bank account number ******3333; and

    14. Capital One Bank account number ******5528.

  Gao further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a).  Gao agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so.  To the extent Gao has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn.  Gao further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

  Gao waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Gao consents to the entry of a Consent Judgment of Forfeiture that will be final as Gao prior to his sentencing.  Gao understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  It is further understood that any forfeiture of Gao's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture.  Gao hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

  Gao further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If Gao fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Gao has intentionally failed to disclose assets on his Financial Disclosure Statement, Gao agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

  Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Gao by the sentencing judge.  This Office may also correct any misstatements relating to the

sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gao's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Gao will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Gao waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Gao understands that, if Gao is not a citizen of the United States, Gao's guilty plea to the charged offense will likely result in Gao being subject to immigration proceedings and removed from the United States by making Gao deportable, excludable, or inadmissible, or ending Gao's naturalization. Gao understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gao wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of

this plea, even if this plea will cause Gao's removal from the United States. Gao understands that Gao is bound by this guilty plea regardless of any immigration consequences. Accordingly, Gao waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Gao also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gao. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Gao from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Gao and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Mark J. Pesce
Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Chief, Economic Crimes Unit

I have received this letter from my attorney, Stacy A. Biancamano, Esq. It has been translated for me into Mandarin. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_GAO YU FENG_  Date: 8/1/2023
Yufeng Gao

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_  Date: 8/1/2023
Stacy A. Biancamano, Esq.
Counsel for Defendant

<u>Plea Agreement With Yufeng Gao</u>

<u>Schedule A</u>

1.  This Office and Yufeng Gao ("Gao") agree to stipulate to the following facts:

   a.  Gao operated and aided and abetted the conduct of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), and (b)(1)(B) and 18 U.S.C. § 2, which offense involved approximately $134,027,615.

   b.  Gao was a minor participant in the offense pursuant to U.S.S.G. § 3B1.2.

2.  On February 2, 2023, the United States Sentencing Commission proposed a new Chapter Four Guideline, U.S.S.G. § 4C1.1. That new Guideline, if it goes into effect on November 1, 2023, would reduce the total offense level by 2 if certain criteria are met. Whether Gao could satisfy all of those criteria has not yet been determined. If, prior to the sentencing hearing, Gao establishes to the satisfaction of the Court that he satisfies all those criteria, the United States will not oppose Gao's request for a 2-level downward adjustment to or variance from the total offense level. If Gao receives that downward adjustment or variance, he shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) if the Commission later makes § 4C1.1 retroactive.

3.  If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.